*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1156**

State of Minnesota,
Respondent,

vs.

Jesse Tyler Schafer,
Appellant.

**Filed February 21, 2017
Affirmed
Schellhas, Judge**

Meeker County District Court
File No. 47-CR-14-823

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brandi L. Schiefelbein, Meeker County Attorney, Thomas Boenigk, Assistant County Attorney, Litchfield, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael McLaughlin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges his probation revocation, arguing that (1) the district court lacked jurisdiction over his case based on the juvenile court's certification of the case to adult court; (2) the district court committed reversible error by finding appellant in

violation of a condition regarding unsupervised contact with minors; and (3) the evidence was insufficient to show that the need for appellant's confinement outweighs the policies favoring probation. We affirm.

**FACTS**

On November 1, 2013, when appellant Jesse Schafer was 17 years old, he had sexual intercourse with a 14-year-old girl. Respondent State of Minnesota initially filed a delinquency petition against Schafer in juvenile court, charging him with third-degree criminal sexual conduct. The juvenile court certified Schafer to stand trial as an adult,[1] and the state then filed a complaint in adult court, charging Schafer with one count of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) (2012) (complainant at least 13 but less than 16 years of age and actor more than 24 months older than complainant).

At a plea hearing on October 6, 2014, Schafer pleaded guilty to one count of third-degree criminal sexual conduct. The district court stayed adjudication for four years, conditioned on Schafer's full compliance with terms of probation, which included, among other things, that any contact by Schafer with females under age 16 be supervised and approved in advance by Schafer's corrections agent. In less than a year, Schafer signed four probation agreements that, in pertinent part, prohibited him from (1) using or

---

[1] Although the addendum to Schafer's appellate brief includes a copy of the certification order, the record before us does not include the delinquency petition filed in juvenile court, Schafer's waiver of a certification hearing in juvenile court, or the juvenile court's certification order. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").

possessing alcohol or mood-altering chemicals, except as prescribed; (2) owning or possessing "any computer (or anything with computer capabilities such as iphones, smart phones, ipads, tablets, watches, etc) that does not have installed pornographic filters and social media filters"; (3) having "unsupervised contact with females under the age of 16. Supervised contact is approved through sex offender treatment therapist and supervising Corrections Agent"; and (4) possessing or using "any pornographic/sexually explicit material."

On April 13, 2015, Schafer admitted to violating his probation by using methamphetamine and marijuana, by not putting a pornography filter on his phone, and by viewing pornography. The district court revoked the stay of adjudication, stayed imposition of the sentence, and continued Schafer on probation for four years from the date of the hearing with terms of probation as previously imposed. The court also ordered Schafer to register as a sex offender.

On June 16, 2015, Schafer again admitted that he violated his probation by using marijuana and by using the Internet to access Facebook. Among other things, the district court vacated the stay of imposition, imposed a prison sentence of 36 months, and stayed execution of the sentence. On September 4, 2015, after Schafer committed another probation violation, the court imposed sanctions on him.

On April 14, 2016, Schafer appeared at another admit-deny probation-violation hearing. The district court explained the alleged probation violations on the record as follows:

THE COURT: The violation report — I'm just going to go over the violations with you to make sure you understand 'em. [I]t's alleged that you violated the following. Condition—special condition number fourteen, not to use or possess alcohol or mood-altering chemicals except as prescribed. The specifics of that are that you did admit to having a few beers and some pills, and admitted to that around April 13.

[A]lso it's alleged that you violated special condition number nineteen, not to access or use of internet without approval. That on April 6 you admitted you had possession of a cell phone that you did turn over to your agent at that time, and there was a confirmation the proper filters weren't in place. [A]nd that you also admitted there was a second cell phone which was returned to your mother.

There's another allegation that you violated special condition number twenty. That you were not to have unsupervised contact with females under the age of sixteen and that there were numerous pictures of you having contact with females that appeared to be under sixteen in that phone.

Special condition number twenty-two is alleged to be in violation, not to use or possess any pornographic or sexual explicit material, and after review of the phone it showed that there were two sexually explicit pictures and one video. Do you understand the allegations?

THE DEFENDANT: Ah, yes, Your Honor.

Schafer denied the allegations, and the court conducted a contested probation-violation hearing. On April 18, 2016, after the contested probation-violation hearing, the court found that Schafer violated probation, that his probation violations were serious, not technical, and went directly to the underlying offense, and that Schafer's confinement was appropriate because probation was no longer sufficient to protect public safety. The court revoked the stay of execution and committed Schafer to the Minnesota Department of Corrections for 36 months.

This appeal follows.

4

## DECISION

## I

Schafer argues that his conviction and sentence are void because the adult court that convicted and sentenced him never obtained subject-matter jurisdiction over his case. Schafer argues that the juvenile court's certification order was insufficient to confer subject-matter jurisdiction on the adult court because the juvenile court transferred the case to adult court based on his waiver and the parties' plea agreement, not on public safety. This court "review[s] the juvenile court's decision to certify a child to adult court for an abuse of discretion." *In re Welfare of J.H.*, 844 N.W.2d 28, 34 (Minn. 2014). We "review questions of law de novo, and . . . findings of fact under the clearly erroneous standard." (citation omitted). *Id.* at 34–35. "A finding is clearly erroneous only if there is no reasonable evidence to support the finding or when an appellate court is left with the definite and firm conviction that a mistake occurred." *Id.* at 35 (quotation omitted).

We construe Schafer's subject-matter jurisdiction argument to be a challenge to the validity of the juvenile court's certification order. Because the record before us does not include Schafer's waiver of a certification hearing in juvenile court or the juvenile court's certification order, the record is insufficient to conduct a review of the validity of the certification order. Based on our reading of the certification order included in the addendum to Schafer's appellate brief, even if we were to consider Schafer's challenge to the validity of the certification order, Schafer would not prevail. Schafer attacks the certification order on the basis that it does not contain a required finding that certification would serve public safety. But the certification order in Schafer's addendum complies with

5

the requirements applicable to an order issued following a waiver of the right to a certification hearing and stipulation to the certification order. *See* Minn. R. Juv. Delinq. P. 18.07, subds. 1 (outlining the requirements for a certification order following a waiver and stipulation, which do not include a requirement that such an order contain public-safety findings), 2 (requiring a certification order issued after a contested certification hearing to contain public-safety findings); *see also* Minn. R. Juv. Delinq. P. 18.01, subd. 1 (stating that Rule 18 of the Minnesota Rules of Juvenile Delinquency Procedure applies when, as here, "the prosecutor moves for certification and a child is alleged to have committed, after becoming fourteen (14) years of age, an offense that would be a felony if committed by an adult").

## II

Schafer argues that the district court committed reversible error by finding that he violated a condition regarding unsupervised contact with minors, contending that his probation conditions did not require him to obtain his corrections agent's advance approval of his contact with females under age 16, as long as an adult supervised the contact. He claims that he fully complied with his probation conditions because his adult girlfriend supervised his contact with her female children under age 16.

Before revoking probation, a district court must determine on the record (1) if a specific condition of probation was violated and (2) whether that violation was intentional or inexcusable. *State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005) (citing *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980)). If the court finds clear and convincing evidence of an intentional or inexcusable violation, the district court also must evaluate

6

whether the need for confinement outweighs the policies favoring probation. *Id.*; *see also* Minn. R. Crim. P. 27.04, subd. 2(1)(c)b (requiring proof of a probation violation by clear and convincing evidence before probation can be revoked). "A district court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *State v. Ornelas*, 675 N.W.2d 74, 79 (Minn. 2004) (quoting *Austin*, 295 N.W.2d at 249−50) (quotation marks omitted).

Schafer's argument that he complied with the terms of his probation fails because the terms of his probation required him to get advance approval from his corrections agent before having supervised contact with females under age 16.

Schafer also argues that his probation revocation violates due process because the written terms of his probation did not afford him fair notice that he must obtain agent approval before having supervised contact with females under age 16. "When sentencing a defendant, a court shall state the precise terms of the sentence." *Id.* at 80 (quoting Minn. R. Crim. P. 27.03, subd. 4(A)) (quotation marks omitted). "In imposing a probationary sentence, if noncriminal conduct could result in revocation, the trial court should advise the defendant so that the defendant can be reasonably able to tell what lawful acts are prohibited." *Id.* (quotation omitted). "It is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty." *Id.* (quotation omitted). "This is no less true whether the loss of liberty arises from a criminal conviction or the revocation of probation." *Id.* (quotation omitted). "When the acts prohibited by the probation conditions are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given

prior fair warning." *Id.* (quotation omitted). "Whether a defendant has been denied due process of law is a question of law that [this court] review[s] de novo." *State v. Beaulieu*, 859 N.W.2d 275, 280 (Minn. 2015).

At his sentencing hearing, the district court specifically clarified the meaning of the advance-approval probation condition and Schafer acknowledges that, "[b]ack in 2014, the court did state that he needed such approval." Moreover, the probation condition was included in each of the four probation agreements that Schafer signed, and we reject Schafer's suggestion that the wording in the probation agreements is ambiguous. His past conduct was consistent with an understanding that he was required to receive agent approval before having adult-supervised contact with females under age 16. On at least one occasion, he asked his corrections agent to approve his mother to supervise him when he had contact with females under age 16.

Schafer also argues that he did not have fair notice that he needed agent approval before having adult-supervised contact with females under age 16 because he received mixed messages from the district court. After a careful review of the record, we are not persuaded. The record contains sufficient evidence that Schafer had fair notice that he needed approval from his corrections agent before having supervised contact with females under the age of 16. We conclude that his probation revocation therefore did not violate his due-process rights.

**III**

Schafer argues that clear and convincing evidence does not show that the need for confinement outweighs the policies favoring probation. Even if the facts allow probation

8

revocation, "policy considerations may require that probation not be revoked." *Modtland*, 695 N.W.2d at 606 (quotation omitted). "[T]he purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed." *Id.* (quotation omitted). "When determining if revocation is appropriate, courts must balance the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety, and base their decisions on sound judgment and not just their will." *Id.* at 606–07 (quotations omitted); *see also State v. Rottelo*, 798 N.W.2d 92, 95 (Minn. App. 2011) (holding that the district court did not abuse its discretion when it revoked probation because Rottelo did not remain in contact with probation officers, had multiple offenses in his history, and showed a pattern of noncompliance with probation), *review denied* (Minn. July 19, 2011). A court should only revoke probation if the court finds

> on the basis of the original offense and the intervening conduct of the offender that:
>> (i) confinement is necessary to protect the public from further criminal activity by the offender; or
>> (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
>> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Modtland*, 695 N.W.2d at 607 (quotation omitted).

We conclude that the record contains clear and convincing evidence supporting the district court's finding that "the need for confinement [was] outweighed by the public policy that favors it." The district court did not abuse its discretion in revoking Schafer's probation.

**Affirmed**.

9